ASA PHELPS v. WORTHINGTON & WILSON.

*Appeals from Justices of the Peace.*

Appeals cannot be taken from justices of the peace to the Superior Courts from interlocutory judgments; therefore, where a justice dismissed a warrant of attachment, and the plaintiff appealed to the Superior Court, which court dismissed the plaintiff's action on the ground that no service of process had ever been made; *Held,* erroneous, as no appeal lay from the order of the justice and the Superior Court should only have dismissed the appeal.

CIVIL ACTION, heard on appeal from a justice of the peace, before *Avery, Judge,* at January Special Term, 1884, of BERTIE Superior Court.

His Honor gave judgment discharging the attachment and dismissing the action, and the plaintiff appealed.

The facts fully appear in the opinion.

No counsel for the plaintiffs.
*Mr. R. B. Peebles,* for the defendants.

MERRIMON, J. The plaintiff brought his action on the 21st day of October, 1882, against the defendants, before a justice of the peace of Bertie county, to recover the sum of $80.40. On the same day the constable returned the summons unexecuted, and that he could not find the defendants in that county, and that they resided beyond the limits of this State. Whereupon, the plaintiff sued out a warrant of attachment and had the same levied upon property of the defendants situate in that county.

Before, however, there had been any order of publication made as required by law, the counsel of the defendants, for the purpose of the motion, moved to transfer the action for trial before another justice of the peace, and this motion was allowed. Before the latter justice of the peace had made any order of publication, the counsel for the motion of the defendants, moved to

discharge the attachment for causes assigned that do not appear in the record. This motion was allowed, and an order made directing the constable to restore the property levied upon to the defendants. Whereupon the plaintiff appealed to the Superior Court of Bertie county. That court found that no service of summons had been made upon the defendants, discharged the attachment and dismissed the appeal, and the plaintiff appealed to this Court.

There is error. The appeal from the order of the justice of the peace discharging the warrant of attachment, was improvidently taken. The order was interlocutory, and no appeal lies from such an order made in an action in the court of a justice of the peace.

The statute (The Code, 875) provides that "The party against whom judgment is rendered in any civil action in a justice's court may appeal to the Superior Court from the same," &c. This implies a final judgment—that is, one that in some way puts an end to the action. And the appeal takes the whole action into the Superior Court, where it is to be tried *de novo*, not upon a transcript of the record in the justice's court, but upon the original papers, which must be sent up with the appeal for the purpose. The Code, secs. 878, 880, 881. The plaintiff's action did not necessarily depend upon the warrant of attachment; it was not determined by the order discharging the attachment; indeed, the attachment was only incidental and ancillary to the action. The justice of the peace, in view of the affidavits of the plaintiff and the return of the constable, although he ordered the attachment to be discharged, ought to have made the order of publication as to the action.

Why he did not, does not appear. It seems to be strange that he did not. The ground upon which he discharged the attachment is not stated, and we are unable to discover it in the record. The affidavits certainly contain the facts material to warrant the attachment and the order of publication. It appears from them, in substance, that the defendants owed the plaintiff a debt, due,

of which the justice of the peace had jurisdiction; that they were non-residents of this State; that after due diligence they could not be found in this State, and that they had property therein. It is possible there was some defect as to the attachment we can not discover, and the justice of the peace may have thought the action depended entirely upon it.

But in any view of the matter, he ought to have made the order of publication as to the action; or if for any cause he would not do that, he ought to have dismissed it, so as to put an end to it. If he had given judgment dismissing it, the plaintiff might have appealed to the Superior Court. As it was, there was no final judgment from which to appeal, and hence, the supposed appeal was improvidently taken, and the Superior Court ought simply to have dismissed it and remanded the papers in the action. That court, however, found that the summons had not been served, adjudged that the order of attachment be discharged, that the property attached be returned to the owners thereof, and that the appeal be dismissed.

This judgment was erroneous, except so much thereof as dismissed the appeal; and except in this respect it must be reversed.

Let this opinion be certified to the Superior Court with directions to reverse its judgment except so much thereof as dismissed the appeal, to dismiss the appeal and remand the original papers in the action to the justice of the peace with directions to proceed in the action according to law.

*It is so ordered.*